IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AFFLUENT ADS, LLC, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> JOVAN CAPUTO, PHILLIP LYNCH, : <br> and ADTELLIGENT MEDIA, LLC : <br> : <br> Defendant. : | Civ. A. No: _____ |

## PLAINTIFF'S MOTION FOR TEMPORARY
## RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff Affluent Ads, LLC ("Plaintiff," "Affluent Ads," or the "Company"), by and through its undersigned counsel, moves the Court for an order temporarily and preliminarily requiring the following from Defendants Jovan Caputo ("Caputo"), Phillip Lynch ("Lynch"), and Adtelligent Media, LLC ("Adtelligent") (collectively, "Defendants;" excluding Adtelligent, the "Individual Defendants"):

1. Enjoin Defendants, preliminarily until hearing, and thereafter indefinitely, from using, presenting, or disclosing to any individual or entity other than Plaintiff any of Plaintiff's trade secrets, trade names, good will, or proprietary and confidential information, including without limitation any and all information and know-how relating to Affluent Ads' former, current, and prospective Clients and Publishers and the Company's relationship to these Clients and Publishers.

2. Enjoin Defendants, preliminarily until hearing, and thereafter indefinitely, from performing services or conducting business in competition with Plaintiff, whether for their own benefit or on behalf of a competitor of Plaintiff, through Adtelligent, individually, or otherwise,

including being enjoined from providing services for, receiving services from, communicating with, or in any other way working, interacting, doing business, or partnering with (i) Plaintiff's former, current, or prospective Clients; (ii) Plaintiff's former, current, or prospective Publishers; (iii) Publishers and Clients whom they had contact with, on behalf of themselves or the Company, or became aware of while employed by the Company; and (iv) any Publisher or Client they obtained by unlawfully relying upon the Company's trade secrets, trade names, good will, and/or confidential information.

       3.   Direct Defendants, preliminarily until hearing, and thereafter indefinitely, to cease pending work with Plaintiff's former, current, or prospective Clients and Publishers, and with any other company or individual they unlawfully did business with while employed by the Company, and to cease attending all trade shows related to Internet marketing, advertising, and lead generation.

       4.   Direct Defendants to immediately return to Plaintiff all Company documents, electronic files, and information, with the exception of documents and information pertaining to their personal compensation.

       5.   Order Defendants to promptly produce copies of all such Company documents, electronic files, and information during the expedited discovery process relating to such information, relating in any way to the unlawful activity set forth in Plaintiff's Complaint and Motion for Temporary Restraining Order and Preliminary Injunction, and any communications, internal or otherwise, relating thereto.

       6.   Order Defendants to respond within five days of service of expedited discovery by Plaintiff regarding subjects such as actions taken in competition with Plaintiff, trade secrets and confidential information of Plaintiff used by Defendants for the benefit of any entity or

person other than Plaintiff, steps taken to ensure compliance with their contractual obligations to Plaintiff, and steps taken to ensure non-disclosure or non-misappropriation of Plaintiff's trade secrets and confidential information.

      7. Enjoin Defendants from deleting, destroying, erasing, modifying, or otherwise altering any and all electronic media, including, but not limited to, work and personal email accounts, text messages, Skype logs, instant messages, application-based communications, external hard drives, thumb drives, or other portable media, network drives, computers, cellular phones, smart phones, and personal digital assistants, that have stored Plaintiff's documents or information, or were used to transfer or temporarily store Plaintiff's documents, data, or information, or that referred or related to Plaintiff, Plaintiff's business, Plaintiff's existing or prospective employees, Clients, or Publishers, or work completed to date, until such time that the Court gives them leave to do so.

      8. Direct Defendants to preserve and not delete, modify, destroy, or otherwise alter all documents, data, and information pertaining to actions taken in competition with Plaintiff, whether individually, through Adtelligent, or otherwise, work performed for themselves or any entity other than Plaintiff, communications amongst Defendants, communications among Defendants and/or with other individuals regarding Defendants' performance of any work other than for Plaintiff during or since their employment with Plaintiff, and communications among Defendants and/or with other individuals regarding Defendants' knowledge of and/or access to Plaintiff's trade secrets and confidential information.

      9. Order such other and further relief, including attorneys' fees and costs, as this Court deem appropriate.

As set forth in greater detail in the accompanying Memorandum of Law and supporting Declaration of Zachary Robbins, Plaintiff seeks such injunctive relief from the Court to prevent it from incurring irreparable harm that would occur were Defendants, former senior managerial employees with deep knowledge of Plaintiff's trade secrets and confidential information and the company that they formed to unlawfully compete with Plaintiff, allowed to violate the terms of the Individual Defendants' binding Non-Compete Agreements by competing against Plaintiff. Defendants have chosen to rely upon Plaintiff's trade secrets and confidential information in engaging in this unlawful competition and the need for injunctive relief to stop such activity and determine its scope is thus clear.  As Defendants have refused to communicate with Plaintiff regarding their conduct, Plaintiff has no choice but to seek the requested relief to secure the return of its trade secrets and confidential information and to prevent unlawful competition. Accordingly, to prevent this harm from occurring, Plaintiff moves the Court for the above-described injunctive relief.

                                            Respectfully submitted,

July 21, 2016                          /s/ Jonathan S. Krause
                                            Jonathan S. Krause, Esq.
                                            KLEHR HARRISON
                                            HARVEY BRANZBURG LLP
                                            1835 Market Street, Suite 1400
                                            Philadelphia, PA  19103
                                            ph (215) 569-4496
                                            fax (215) 568-6603
                                            jkrause@klehr.com

                                            Counsel for Plaintiff
                                            Affluent Ads, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Memorandum of Law in support thereof, and Declaration of Zachary Robbins and supporting exhibits were served upon the below on this date by FedEx and email:

Jovan Caputo
78 Ketewamoke Ave.
Babylon, NY 11702
jovancaputo@gmail.com

Phillip Lynch
141-08 Rockaway Beach Blvd.
Belle Harbor, NY 11694
ptlynch8223@hotmail.com

Adtelligent Media, LLC
c/o Phillip Lynch
92 Broadway, Suite 4
Amityville, NY 11701
ptlynch8223@hotmail.com

Dated: July 21, 2016         /s/ Jonathan S. Krause_____
                              Jonathan S. Krause