IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AFFLUENT ADS, LLC, | : <br> : <br> : Civ. A. No: _____ <br> : |
| Plaintiff, | : |
| v. | : <br> : |
| JOVAN CAPUTO, PHILLIP LYNCH, and ADTELLIGENT MEDIA, LLC | : <br> : <br> : |
| Defendants. | : <br> : |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

**AND NOW**, at _____ a.m./p.m., this _____ day of July 2016, upon consideration of the Motion of Plaintiff Affluent Ads, LLC ("Affluent Ads," "Plaintiff," or the "Company") for a Preliminary Injunction, and after notice to Defendants Jovan Caputo ("Caputo"), Phillip Lynch ("Lynch"), and Adtelligent Media, LLC ("Adtelligent") (collectively, "Defendants;" excluding Adtelligent, the "Individual Defendants"), **IT IS HEREBY ORDERED** as follows:

**WHEREFORE**, Plaintiff has made reasonable effort to give notice to Defendants of this motion for emergency injunctive relief;

Plaintiff's Motion for a Temporary Restraining Order is **GRANTED** for the following reasons:

a.   Specific facts outlined in Plaintiff's Memorandum of Law and supporting declaration clearly show that immediate and irreparable injury and damage will result to Plaintiff before the Defendants can be heard in opposition.  Without immediate injunctive relief, Plaintiff will be irreparably harmed by the loss of its confidential information and trade secrets and by the

unlawful competition of Defendants in violation of the Individual Defendants' Non-Competition Agreements.

  b. Plaintiff will likely succeed on the merits of its claim that Defendants violated the Defend Trade Secrets Act by misappropriating Plaintiff confidential information and trade secrets.

  c. Plaintiff will likely succeed on the merits of its claim that Defendants violated the Pennsylvania Uniform Trade Secrets Act by misappropriating Plaintiff confidential information and trade secrets.

  d. Plaintiff will likely succeed on the merits of its claims that the Individual Defendants breached their Invention, Non-Disclosure, Non-Solicitation, and Non-Competition Agreements (the "Non-Compete Agreements" or the "Agreements") by unlawfully competing against Plaintiff, soliciting Plaintiff's clients, misappropriating Plaintiff's confidential information and trade secrets, and otherwise.

  e. The balance of the equities in this matter favors the entry of the relief sought because Plaintiff has shown that it would suffer more harm in the absence of this Order than Defendants will suffer as a result of this Order.

  f. The public interest in maintaining the sanctity of contracts and the confidentiality of trade secrets and confidential information favors the entry of this order.

  Until further order of this Court, **IT IS ORDERED THAT**:

  1. Defendants are enjoined, preliminarily until hearing, from using, presenting, or disclosing to any individual or entity other than Plaintiff any of Plaintiff's trade secrets, trade names, good will, or proprietary and confidential information, including without limitation any

and all information and know-how relating to Affluent Ads' former, current, and prospective Clients and Publishers and the Company's relationship to these Clients and Publishers.

      2.  Defendants are enjoined, preliminarily until hearing, from performing services or conducting business in competition with Plaintiff, whether for their own benefit or on behalf of a competitor of Plaintiff, through Adtelligent, individually, or otherwise, including being enjoined from providing services for, receiving services from, or communicating with, or in any other way working, interacting, doing business or partnering with (i) Plaintiff's former, current, or prospective Clients; (ii) Plaintiff's former, current, or prospective Publishers; (iii) Publishers or Clients whom they had contact with, on behalf of themselves or the Company, or became aware of while employed by the Company; and (iv) any Publisher or Client they obtained by unlawfully relying upon the Company's trade secrets, trade names, good will, and/or confidential information.

      3.  Defendants are directed, preliminarily until hearing, to cease all pending work with Plaintiff's former, current, or prospective Clients and Publishers, and with any other company or individual they unlawfully did business with while employed by the Company, and to cease attending all trade shows related to Internet marketing, advertising, and lead generation.

      4.  Defendants are ordered to immediately return to Plaintiff all Company documents, electronic files, and information, with the exception of documents and information pertaining to their personal compensation.

      5.  Defendants are ordered to promptly produce copies of all such Company documents electronic files, and information during the expedited discovery process relating to such information, relating in any way to the unlawful activity set forth in Plaintiff's Complaint

and  Motion for Temporary Restraining Order and Preliminary Injunction, and any communications, internal or otherwise, relating thereto.

      6. Defendants shall respond within five days of service of expedited discovery by Plaintiff regarding subjects such as actions taken in competition with Plaintiff, trade secrets and confidential information of Plaintiff used by Defendants for the benefit of any entity or person other than Plaintiff, steps taken to ensure compliance with their contractual obligations to Plaintiff, and steps taken to ensure non-disclosure or non-misappropriation of Plaintiff's trade secrets and confidential information.

      7. Defendants are enjoined from deleting, destroying, erasing, modifying, or otherwise altering any and all electronic media, including, but not limited to, work and personal email accounts, text messages, Skype logs, instant messages, application-based communications, external hard drives, thumb drives, or other portable media, network drives, computers, cellular phones, smart phones, and personal digital assistants, that have stored Plaintiff's documents or information, or were used to transfer or temporarily store Plaintiff's documents, data, or information, or that referred or related to Plaintiff, Plaintiff's business, Plaintiff's existing or prospective employees, Clients, or Publishers, or work completed to date, until such time that the Court gives them leave to do so.

      8. Defendants are further directed to preserve and not delete, modify, destroy, or otherwise alter all documents, data, and information pertaining to actions taken in competition with Plaintiff, whether individually, through Adtelligent, or otherwise, work performed for themselves or any individual, group, or entity other than Plaintiff, communications amongst Defendants, communications among Defendants and/or with other individuals regarding Defendants' performance of any work other than for Plaintiff during or since their employment

with Plaintiff, and communications among Defendants and/or with other individuals regarding Defendants' knowledge of and/or access to Plaintiff's trade secrets and confidential information.

DATE:  July __, 2016                                        BY THE COURT

                                                                                                           _____
                                                                                                                                            , J.