IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AFFLUENT ADS, LLC, | : |
| | : |
| Plaintiff, | : Civ. A. No: _____ |
| | : |
| v. | : |
| | : |
| JOVAN CAPUTO, PHILLIP LYNCH, | : |
| and ADTELLIGENT MEDIA, LLC, | : |
| | : |
| Defendants. | : |

**PLAINTIFF'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR EXPEDITED DISCOVERY**

**I.   INTRODUCTION**

This Motion is necessitated by an immediate need for discovery to prepare for a hearing on Plaintiff Affluent Ads, LLC ("Affluent Ads," "Plaintiff," or the "Company") Motion for Temporary Restraining Order and Preliminary Injunction and to determine the severity of harm being inflicted upon Affluent Ads by its former senior managerial employees, Defendants Jovan Caputo ("Caputo") and Phillip Lynch ("Lynch"), and Defendant Adtelligent Media, LLC ("Adtelligent") (collectively, "Defendants;" excluding Adtelligent, the "Individual Defendants").[1]

This action stems from Defendants' theft and misappropriation of Affluent Ads' assets, confidential information, trade names, good will, and trade secrets that they used to operate surreptitiously a business that competed directly with Affluent Ads while the Individual Defendants remained Affluent Ads senior managers. While operating a key Affluent Ads

---

[1]   A complete description of Defendants' unlawful conduct can be found in Affluent Ads' Complaint, and Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction, and supporting Declaration, which are being filed contemporaneously with this Motion for Expedited Discovery and are incorporated herein by reference.

business unit, and in direct violation of the requirements of their Invention, Non-Disclosure, and Non-Competition Agreements (the "Non-Compete Agreements") with Affluent Ads, the Individual Defendants misappropriated Affluent Ads' trade secrets, trade names, good will, and confidential information to divert opportunities, Clients, Publishers, and revenues from Affluent Ads to Adtelligent – the entity that the Individual Defendants created to unlawfully compete with Affluent Ads – and to themselves.  In addition, Defendants appear to have funneled hundreds of thousands of dollars in Client fees owed to Affluent Ads' into a bank account in their name.  This bank account is at J.P. Morgan Chase & Co. (the "Chase Account"), the very bank used by Affluent Ads, in an apparent attempt to deceive Affluent Ads' Clients into believing that their payments made into the Chase Account were in fact being paid to Affluent Ads.

Upon discovery of Defendants' illicit behavior, representatives of Affluent Ads confronted the Individual Defendants about their misconduct and terminated their employment.  In response, the Individual Defendants refused to take responsibility for their actions and have not been heard from since.  Upon information and belief, Defendants continue to operate in breach of their non-compete obligations causing continuing and irreparable harm to Affluent Ads.

In order to provide the Court with an established record for a hearing on their request for a Preliminary Injunction, Affluent Ads requests limited and focused expedited discovery that focuses on:  1) the scope of Defendants' misappropriation; 2) the scope of their unlawful competition in violation of their Agreements; 3) the return of Affluent Ads' information and preventing Defendants from continuing to rely upon such information; and 4) determining the scope of the economic benefit Defendants received through their unlawful conduct.  To that end, Affluent Ads moves for expedited discovery to:  1) propound document requests directed to

Defendants; 2) depose Defendants and potentially other key individuals who may be aware of their unlawful scheme; and 3) subpoena Chase, as well as third-party platform providers that Affluent Ads understands Defendants used to conduct their unlawful business, for the production of documents related to Defendants' misconduct.

## II.   DUE TO THE EMERGENT NATURE OF THIS ACTION, AND THE IRREPARABLE HARM THAT PLAINTIFF FACES, PLAINTIFF IS ENTITLED TO EXPEDITED DISCOVERY

Generally, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1). Federal courts, however, possess broad discretion to grant expedited discovery pursuant to Federal Rules of Civil Procedure 26(d) and 34(b). Phila. Newspapers, Inc. v. Gannett Satellite Information Network, Inc., 1998 WL 404820, at *2 (E.D.Pa. July 15, 1998) (citing N.Y. v. U.S. Metals Refining Co., 771 F.2d 796, 805 (3d Cir. 1985)). Although the Federal Rules of Civil Procedure "offer little guidance as to when it is appropriate to authorize expedited and/or early discovery[,]" courts in the Third Circuit have applied a good cause standard, which requires the party seeking discovery to show cause for its motion, such that the request is reasonable in light of the circumstances. Kone Corp. v. ThyssenKrupp USA, Inc., 2011 WL 4478477, at *3-5 (D. Del. Sept. 26, 2011).

Courts have regularly found good cause and ordered expedited discovery in connection with the parties' preparation for a preliminary injunction hearing. Id. at *7; see also Educ. Comm'n for Foreign Sch. Med. Graduates v. Repik, 1999 WL 317052, at *3 (E.D.Pa. May 14, 1999) (holding that "[e]xpedited discovery in connection with a preliminary injunction motion is appropriate"); see also Nest Int'l, Inc. v. Balzamo, et al., 2012 WL 1584609, at *2 (granting expedited discovery prior to a preliminary injunction hearing). "[E]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of

the injunctive proceedings." Samuel, Son & Co. v. Beach, et al., 2013 WL 4855325, at *4 (W.D.Pa. Sept. 11, 2013) (citing Phila. Newspapers, Inc., 1998 WL 404820, at *2).

Third Circuit courts have consistently permitted parties seeking preliminary injunctions to obtain expedited discovery in cases such as this. See EXL Lab., LLC v. Egolf, et al., 2010 WL 5000835, at *8 (E.D.Pa. Dec. 7, 2010) (granting expedited discovery in light of a pending preliminary injunction hearing); see also Nest Int'l, 2012 WL 1584609, at *2. For instance, in Nest Int'l, Inc., the plaintiff filed for a preliminary injunction to stop its former employee's unlawful conduct and competition. Nest Int'l, 2012 WL 1584609, at *1. In support of its preliminary injunction, the plaintiff alleged that the defendant, after his employment was terminated, utilized the plaintiff's confidential information to develop a competing product and company in violation of his non-compete agreement. Id., at *1. Accordingly, the court permitted the plaintiff to obtain expedited discovery to prepare for its preliminary injunction hearing. Id. at *2.

Similarly to Nest Int'l, the Individual Defendants stole assets of Affluent Ads, including misappropriating trade secrets and confidential information gained through their managerial positions at Affluent Ads. While still employed by Affluent Ads, the Individual Defendants created Adtelligent to directly compete with and siphon off clients from and monies earned by Affluent Ads. Despite the Individual Defendants' termination, Defendants still likely possess Affluent Ads' trade secrets and operate in direct contravention of the Individual Defendants' Agreements. As such, Affluent Ads filed this Action seeking injunctive relief through both a temporary restraining order and preliminary injunction in order to stop the continuing and irreparable harm to Affluent Ads.

Therefore, given the impending preliminary injunction hearing, the Court should grant Affluent Ads' motion for expedited discovery so that Affluent Ads may properly prepare for the hearing on its motion for preliminary injunction through: 1) document requests directed to Defendants; 2) depositions of Defendants and potentially other key individuals who may be aware of their unlawful scheme; and 3) subpoenas to Chase, and third-party platform providers that Affluent Ads understands Defendants used to conduct their unlawful business, for the production of documents related to Defendants' misconduct.

### III.  CONCLUSION

For the foregoing reasons, Affluent Ads respectfully requests that the Court grant its Motion for Expedited Discovery to serve:  1) Expedited Document Requests Directed to Defendants; 2) Deposition Notices to Defendants; and 3) subpoenas directed to Chase, Accelerize Inc. d/b/a CAKE, Tune, Inc. d/b/a HasOffers, and SALT Payments, Inc. d/b/a Lime Light CRM.

Respectfully submitted,

July 21, 2016

/s/ Jonathan S. Krause_____
Jonathan S. Krause, Esq.
KLEHR HARRISON
HARVEY BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, PA  19103
ph (215) 569-4496
fax (215) 568-6603
jkrause@klehr.com

Counsel for Plaintiff
Affluent Ads, LLC

PHIL1 5572765

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Motion for Expedited Discovery, Memorandum of Law in Support Thereof, and Proposed Order was served upon the below on this date by FedEx and email:

Jovan Caputo
78 Ketewamoke Ave.
Babylon, NY 11702
jovancaputo@gmail.com

Phillip Lynch
141-08 Rockaway Beach Blvd.
Belle Harbor, NY 11694
ptlynch8223@hotmail.com

Adtelligent Media, LLC
c/o Phillip Lynch
92 Broadway, Suite 4
Amityville, NY 11701
ptlynch8223@hotmail.com

Dated: July 21, 2016

/s/ Jonathan S. Krause_____
Jonathan S. Krause